**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATAGONIA, INC., | ) | |
| | ) | Case No. 17-cv-06175 |
| Plaintiff, | ) | |
| | ) | **Judge Virginia M. Kendall** |
| v. | ) | |
| | ) | **Magistrate Judge Sidney Schenkier** |
| ZHANG MING, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO VACATE JUDGMENT**

Plaintiff Patagonia, Inc. ("Patagonia"), by its counsel, submits the following response in opposition to Defendant Yiwu Wentou Import and Export Co., Ltd.'s ("Defendant") Motion to Vacate Judgment [45]. Entry of Default Judgment [41] was appropriate since Defendant was properly served via email pursuant to Fed. R. Civ. P. 4(f)(3) and Defendant failed to answer. Moreover, Defendant cannot meet the requirements to vacate the Default Judgment, including establishing a meritorious defense. As such, the final judgment award is proper, and Defendant's Motion should be denied.

**INTRODUCTION AND BACKGROUND**

Started in the late 1960's, Patagonia and the PATAGONIA® brand are famous around the world for innovative designs, quality products, and environmental and corporate responsibility. [12] at ¶¶ 5-6. Patagonia uses its trademarks in connection with the marketing of

its PATAGONIA® products, including U.S. Trademark Registrations for PATAGONIA and its

design mark (collectively referred to as the "PATAGONIA Trademarks[1]").

Patagonia filed this lawsuit against Defendant on August 24, 2017 to combat Defendant's offering for sale of products bearing counterfeit versions of Patagonia's federally registered PATAGONIA Trademarks on its Alibaba Internet store. As shown in the screenshots below, Defendant used counterfeit versions of multiple PATAGONIA Trademarks to sell pullovers for $10.50 - $14.50, with a supply ability of 1,000,000 pieces per month (the "Counterfeit Products"). Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.



---

[1] The PATAGONIA Trademarks are defined in paragraph 11 of the Amended Complaint [12].

On September 5, 2017, this Court entered a Temporary Restraining Order[2] ("TRO") enjoining Defendant's offering for sale of Counterfeit Products and restraining funds in Defendant's PayPal account. PayPal confirmed that they provided notice via email to Defendant of its account restraint. Gaudio Declaration at ¶ 3. The TRO also authorized Patagonia to serve Defendant via email pursuant to Fed. R. Civ. P. 4(f)(3). [27] at ¶ 8. Patagonia served Defendant at the email addresses 3004911714@qq.com and 740873399@qq.com (the "Service Email Addresses") on September 8, 2017. The Service Email Addresses were provided by and used by Defendant to receive payment and to operate its PayPal account, including on an August 20, 2017 invoice sent by Defendant to Patagonia's investigator:



Gaudio Declaration at ¶ 2. Defendant also communicated with Patagonia's counsel in another U.S. lawsuit related to trademark counterfeiting using one of the Service Email Addresses.[3] *Id.* at ¶ 4. In total, Defendant received notice of this case via email on at least four (4) separate

---

[2] The TRO was subsequently converted to a Preliminary Injunction on September 19, 2017. [33, 34].

[3] Defendant was sued in *Luxottica Group S.p.A., et al. v. Shuyi Zhou, et al.*, No. 16-cv-08322 (N.D. Ill. Oct. 25, 2016), a trademark counterfeiting case in this District involving Patagonia's counsel, and service by email was sent to the email address 740873399@qq.com (one of the Service Email Addresses). Defendant responded to Patagonia's counsel from the email address 740873399@qq.com.

occasions. *Id.* at ¶¶ 5-7. None of the emails sent to Defendant during the pendency of the case bounced back, or were returned as undeliverable. *Id.* at ¶ 5-6.

Defendant failed to file an answer or otherwise plead. Defendant was given notice of Plaintiff's Motion for Default Judgment via the Service Email Addresses. *Id.* at ¶ 6. This Court entered default and default judgment as to Defendant on October 10, 2017 [41] and awarded $150,000 in statutory damages. Approximately two months later on December 12, 2017, PayPal released $150,000 to Plaintiff in satisfaction of the judgment. Gaudio Declaration at ¶ 8. Defendant's PayPal account had a balance of approximately $246,000 when the funds were released, so nearly $100,000 was also released back to Defendant. *Id.*

On December 18, 2017, Patagonia was contacted by counsel for Defendant regarding settlement. *Id.* at ¶ 9. Defendant made a single settlement offer, which Patagonia then rejected and countered. *Id.* No further settlement offers were exchanged, and Defendant filed this Motion on February 15, 2018 (nearly four months after entry of the Default Judgment and two months after contacting Patagonia's counsel regarding settlement). *Id.*

## ARGUMENT

"The Seventh Circuit has made it clear that setting aside a default judgment is an extraordinary remedy to be granted in exceptional circumstances." *Baker v. OptionIt, Inc.*, 2015 U.S. Dist. LEXIS 168478, at *3 (N.D. Ill. Dec. 17, 2015). To obtain relief from a default judgment pursuant to Fed. R. Civ. P. 60(b)(1), the moving party must demonstrate "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. Of Trs. Of the Univ. Of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007). A party seeking to vacate a default judgment needs to meet all three requirements. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994). To obtain relief from a

default judgment pursuant to Fed. R. Civ. P. 60(b)(3), the moving party must demonstrate, by clear and convincing evidence that (1) it had a meritorious claim, but (2) because of the fraud, misrepresentation or misconduct of the opposing party, (3) it was prevented from fully and fairly presenting its case. *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014); *Wells Fargo Fin. Leasing, Inc. v. Comdisco, Inc*., 2006 U.S. Dist. LEXIS 38553, at *20 (N.D. Ill. May 30, 2006).

A meritorious defense must at least raise a serious question regarding the propriety of a default judgment, and be supported by a developed legal and factual basis. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). A general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense. *Id*. at 891. A meritorious defense requires more than a general denial and bare legal conclusions. *Id*. (quoting *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994)). It would hardly further the interests of either justice or judicial economy to vacate a default judgment if the defendant had no defense to the plaintiff's claims. *WPS Energy Servs. v. Ravenna Aluminum, Inc.*, 2007 U.S. Dist. LEXIS 41334, at *10 (E.D. Wis. 2007) (denying motion to vacate default judgment under Fed. R. Civ. P. 60(b)).

## I. DEFENDANT HAS FAILED TO SHOW IT MEETS THE REQUIREMENTS OF FED. R. CIV. P. 60(B)(1).

### A. Defendant Was Properly Served Via Email and Has Not Established That Good Cause Exists for Its Default.

Pursuant to paragraph 8 of the Temporary Restraining Order [27], Patagonia completed service of process on Defendant by sending an email to the Service Email Addresses. Gaudio Declaration at ¶ 5. The below screenshot confirms that this email was sent to the Service Email Addresses on September 8, 2017:



*Id.* The above email did not bounce back, nor was it returned as "undeliverable," thereby demonstrating that the emails were delivered. *Id. See Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (finding that email that did not bounce back presumptively reached the defendant); *Chanel, Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745, at *10 (S.D. Fla. Apr. 29, 2010) (same). Patagonia further sent notice of its Motion for Entry of Default and Default Judgment to the Service Email Addresses on October 3, 2017:



Gaudio Declaration at ¶ 6. The above email also did not bounce back, nor was it returned as "undeliverable." *Id*. Patagonia has also confirmed with PayPal, Inc. that Defendant received further notice of the restraint of its account from PayPal. *Id*. at ¶ 3. Further, as confirmed in Defendant's Memorandum [46], Defendant was sued in another case involving Patagonia's counsel in 2016. [46] at p. 7; *see* note 3, *supra*. Defendant was served by email via the email address 740873399@qq.com (one of the Service Email Addresses) in that previous case, and responded, confirming that the email address 740873399@qq.com receives emails from Patagonia's counsel's email address attorney@gbcinternetenforcement.net. Gaudio Declaration at ¶ 4.

Defendant alleges that it did not receive notice of this Case due to an "unknown technical issue." [46] at pp. 6-7. Defendant also argues that its contact email address was 740873399@qq.com only until April 10, 2017, and that Defendant switched to a new email address 3004911714@qq.com on that date. [46-1] at ¶ 7. However, Defendant's argument, which lacks any evidentiary support, fails since Patagonia sent emails to ***both email addresses***. Gaudio Declaration at ¶¶ 5-6. Accordingly, Defendant has not met its burden to prove that good cause for the default exists by clear and convincing evidence. Defendant also provides no explanation for its four-month delay in filing this Motion, which is an additional ground for denying this Motion.

**B.     Defendant Has Not Established a Meritorious Defense to Patagonia's Amended Complaint.**

This Court has already determined that Patagonia has a strong likelihood of success on its trademark infringement and counterfeiting claims when it entered the TRO. [27]. Defendant fails to establish that it has a meritorious defense to these claims. Defendant does not argue that the products it offered for sale were authentic or authorized, only that "[t]he accused product

7

listing is an inadvertent mistake made by a new employee." [46] at p. 9. However, there is no intent requirement for trademark counterfeiting: "[b]ecause sellers bear strict liability for violations of the Lanham Act, even **innocent dealers** who sell goods bearing an infringing mark are liable for trademark infringement." *Lorillard Tobacco Co. v. Div. & Noble Amoco Corp.*, 390 F. Supp. 2d 678, 682 (N.D. Ill. 2005) (granting summary judgment on trademark infringement claim, explicitly noting that the Lanham Act provision on liability makes no mention of intention) (emphasis added); *Tony Jones Apparel, Inc. v. Indigo USA LLC*, 2005 U.S. Dist. LEXIS 14649, at *19 n.11 (N.D. Ill. July 11, 2005) ("[w]hile intentional infringement may lead to enhanced statutory damages, it is not required to prove a defendant's liability."); *Coach, Inc. v. Pegasus Theater Shops*, 2013 U.S. Dist. LEXIS 138840, at *12 (W.D. Wash. Sept. 25, 2013) ("Defendants' arguments regarding their lack of knowledge or intent are without merit and cannot raise a genuine issue of fact to preclude summary judgment"). For the same reason, Defendant's unsupported assertion that it has an "internal procedure of vetting new products" ([46] at p. 4) is irrelevant for the purpose of liability and this Motion. *See River Light V, L.P., et al.*, 2016 U.S. Dist. LEXIS 111301, at *10 (N.D. Ill. Aug. 22, 2016) ("Performing no due diligence of its own on its product listings and risking a fine by the Chinese government is not just naïve, it shows a reckless indifference to the trademark owner's rights").

Finally, this Court awarded Patagonia $150,000 in statutory damages as to Defendant, which is in the non-willful range of statutory damages pursuant to 15 U.S.C. § 1117(c). Courts in this District have awarded statutory damages of $150,000 in contested trademark counterfeiting cases, so the end result would likely be the same even if Defendant did appear. See *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., et al.*, 2017 U.S. Dist. LEXIS 207613 (N.D. Ill. Dec. 18, 2017) (entering summary judgment and awarding $150,000 in statutory

damages); *NBA Properties, Inc., et al. v. Yan Zhou, et al.*, 2017 U.S. Dist. LEXIS 148971 (N.D. Ill. Sept. 14, 2017) (entering summary judgment and awarding $150,000 in statutory damages).

## II.     DEFENDANT HAS FAILED TO SHOW IT MEETS THE REQUIREMENTS OF FED. R. CIV. P. 60(B)(3).

As described above, Defendant has not established a meritorious defense to Patagonia's Amended Complaint.  *See supra* Section I.  Defendant also has not established that Patagonia's "fraud, misrepresentation or misconduct" prevented it from fully and fairly presenting its case. *Wells Fargo Fin. Leasing, Inc. v. Comdisco, Inc.*, 2006 U.S. Dist. LEXIS 38553, at *20.  The only statement that Defendant points to was Patagonia's statement that defendants have "provided incomplete and/or false names and physical address information in their registrations for the Defendant Internet Stores in order to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers."  [46] at p. 9.  Ignoring and omitting Patagonia's preface to that statement that it was "on information and belief," Defendant alleges that but for this statement, Defendant should be served through the Hague Convention."  [46] at p. 10.

In other words, Defendant argues that since its address was "known," it should have been served through the Hague Convention.  This argument overlooks Fed. R. Civ. P. 4(f)(3), and "misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."  *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976, at *4 (5th Cir. Feb. 7, 2018).  Fed. R. Civ. P. 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3).  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).  According to its plain language, Fed. R. Civ. P. 4(f)(3) requires that

service must be (1) directed by the Court, and (2) not prohibited by international agreement. *Id.* at 1014. No other limitations are evident from the text. *Id.* Rule 4(f)(3) "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Id.* at 1015. In other words, alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* at 1014.

Numerous courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention, including against China-based defendants. *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same). Courts have also agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) (holding that "[t]he Hague Convention does not prohibit service by e-mail or facsimile"); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *7 (D. Guam Jan. 25, 2007). Additionally, the law of the People's Republic of China does not appear to prohibit electronic service of process. [21-3]. Whether Defendant's address was known, and whether or not Defendant provided a false address on its Internet store was irrelevant to the determination of Patagonia's Motion for Electronic

Service Pursuant to Fed. R. Civ. P. 4(f)(3) [19].  As such, Patagonia's Motion was properly granted by this Court, and Defendant was properly served via the Service Email Addresses.

## <u>CONCLUSION</u>

Accordingly, for the reasons stated herein, Patagonia respectfully requests that this Court deny Defendant's Motion to Vacate Judgment [45].

Dated this 22nd day of March 2018.          Respectfully submitted,


/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff Patagonia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff Patagonia, Inc.*